IN THE UNITED STATE DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| **FIRST UNITED BANK INSURANCE SOLUTIONS, INC., d/b/a UNITY INSURANCE PARTNERS (f/k/a UNIVERAL INSURANCE AGENCY, INC.,** | ) ) ) ) ) | |
| **Plaintiff,** | ) ) ) | |
| v. | ) ) | CIV-22-682-R |
| **INSERVICES, LLC d/b/a DILLINGHAM INSURANCE AGENCY and TAYLOR BROWN,** | ) ) ) ) ) | |
| **Defendants.** | ) | |

**ORDER**

Before the Court is the Motion to Dismiss (Doc. No. 16) filed by Defendants. Plaintiff responded in opposition to the motion (Doc. No. 17) and Defendants Inservices ("Dillingham") and Brown filed a reply in support of their position.[1] (Doc. No. 18). Upon consideration of the parties' submissions, the Court finds as follows.

Defendant Brown was employed by Plaintiff Unity Insurance Partners ("Unity") from August 2016 until he voluntarily resigned in February 2022. The terms of his employment were governed by an Employment Agreement whereby Brown agreed to protect certain proprietary information, including information related to the identity of customers and clients, or potential customers and clients of Unity, including names,

---

[1] Plaintiff's response to the motion requests that the Court grant leave to amend. The appropriate method for seeking leave to amend is via a separate motion that complies with the requirements of both Federal Rule of Civil Procedure 15 and the Court's Local Civil Rules. *See, e.g., Brooks v. Mentor Worldwide LLC,* 985 F.3d 1272, 1282-83 (10th Cir. 2021).

addresses, and other contact information. (Doc. No. 1, ¶ 14). Plaintiff contends that Defendant Brown left its employment and initiated employment with Dillingham Insurance Agency, and at his new job he utilized information obtained from his employment at Unity to solicit customers away from Unity to Dillingham. Plaintiff seeks recovery under a variety of theories against Defendant Brown: (1) breach of contract; (2) violation of the Defend Trade Secrets Act ("DTSA"); (3) violation of the Oklahoma Uniform Trade Secrets Act ("OUTSA"); (4) tortious interference with contractual relations; and (5) conspiracy. Plaintiff seeks to enforce the noncompetition and nondisclosure agreements in addition to damages. Plaintiff also sued Defendant Brown's new employer, Dillingham, under the same theories, save for breach of contract. Defendants seek dismissal of all claims pursuant to Federal Rule of Civil Procedure 12(b)(6).

In considering a motion to dismiss under Rule 12(b)(6), the Court must determine whether the Plaintiff has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when the Complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face," *id.* at 570, and the factual allegations "must be enough to raise a right to relief above the speculative level." *Id.* at 555 (citations omitted). For the purpose of assessing the validity of the Complaint, the Court must accept all the well-pleaded allegations of the Complaint as true and must construe the allegations in the light most favorable to Plaintiff. *Twombly*, 550 U.S. at 555; *Alvarado v. KOB–TV, L.L.C.*, 493 F.3d 1210, 1215 (10th Cir. 2007); *Moffett v. Halliburton Energy Servs., Inc.*, 291 F.3d

1227, 1231 (10th Cir. 2002). However, the Court need not accept as true those allegations that are conclusory in nature. *Erikson v. Pawnee Cnty. Bd. of Cnty. Comm'rs*, 263 F.3d 1151, 1154–55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1109–10 (10th Cir.1991).

The Court starts with Defendants' motion as directed to Plaintiff's single federal claim, which it cites as the basis for the Court's federal question jurisdiction, because if Defendants prevail on the motion in this regard the Court will decline to exercise supplemental jurisdiction over its state law claims. *See* 28 U.S.C. § 1367(c). Plaintiff alleges Defendants violated the DTSA, which provides, in part, that "[a]n owner of a trade secret that is misappropriated may bring a civil action ... if the trade secret is related to a product or service used in, or intended for use in, interstate or foreign commerce." 18 U.S.C. § 1836(b)(1). The Act defines "trade secret" as information that derives economic value from not being generally known, and is subject to reasonable measures of secrecy by its owners. *See* 18 U.S.C. § 1839(3). Examples are identified in § 1839(3):

> all forms and types of financial, business, scientific, technical, economic, or engineering information, including patterns, plans, compilations, program devices, formulas, designs, prototypes, methods, techniques, processes, procedures, programs, or codes, whether tangible or intangible, and whether or how stored, compiled, or memorialized physically, electronically, graphically, photographically . . . .

Items on this list, however, must still meet the above-identified requirements, which are set forth in § 1893(3)(A) and (B). *Id.* The owner of a trade secret may recover for the

3

"misappropriation" of a trade secret, which includes both acquisition, disclosure, and use of such. 18 U.S.C. §§ 1839(5).

In support of the Motion to Dismiss, Defendants first assert that Plaintiff has failed to sufficiently allege facts to support its contention that the information allegedly obtained by Mr. Brown constituted "trade secrets" because Plaintiff failed to allege facts that it took reasonable efforts to protect the secrecy of the information or that the information derived economic value from not being generally known.

> For a complaint alleging violation of the DTSA to survive a motion to dismiss under Rule 12(b)(6), a plaintiff must identify the purported trade secrets, but it may do so generally to avoid publicly disclosing the information in its court filings. *See Mission Measurement Corp. v. Blackbaud, Inc.*, 216 F. Supp. 3d 915, 920–21 (N.D. Ill. 2016) (holding that a complaint was well-pleaded when it identified the purported trade secrets as including "business models, ... business plans, and product development plans"). Here, Wells Lamont alleges that Mendoza was exposed to confidential information such as "customer account information, product summaries, pricing sheets, product prototypes, product designs, and detailed sales reports," FAC ¶ 25, and that he took "substantial amounts" of this information with him to Radians once he resigned from Wells Lamont, *id*. ¶ 27. These allegations are sufficient to state a DTSA claim. *E.g., SleekEZ, LLC v. Horton*, CV 16-09-BLG-SPW-TJC, 2017 WL 190695, at *4 (D. Mont. Apr. 21, 2017) (holding that the allegations were adequate when the complaint generally described the information as its "industry contacts and customers[ ] and its marketing and business strategies"); *Aggreko, LLC v. Barreto*, No. 1:16-CV-353, 2017 WL 963170, at *2 (D. N.D. Mar. 13, 2017) (holding that a complaint's allegations were adequate when they described the trade secrets as "including customer lists and information regarding [the plaintiff's] operations, customers, business proposals, pricing strategy, client preference and history, and proprietary pricing models").

*Wells Lamont Indus. Grp. LLC v. Richard Mendoza & Radians, Inc.*, No. 17 C 1136, 2017 WL 3235682, at *3 (N.D. Ill. July 31, 2017). The Court concludes the Complaint herein

4

sufficiently alleges "trade material" by alleging customer lists and account information, and accordingly the Court turns to whether Plaintiff sufficiently pled facts to support the allegation that it undertook reasonable efforts to maintain secrecy or that the information had independent economic value such that the trade material can be considered to have constituted trade secrets.

Generally, the issue of reasonable measures is one of fact for the jury. *See Learning Curve Toys v. Playwood Toys,* 342 F.3d 714, 24-25 (7th Cir. 2003)(whether measures taken to protect trade secrets were reasonable is generally a question of fact for the jury, and only in extreme cases can be decided as a matter of law). "Reasonable efforts to maintain secrecy need not be overly extravagant, and absolute secrecy is not required." *AvidAir Helicopter Supply, Inc. v. Rolls-Royce Corp.*, 663 F.3d 966, 974 (8th Cir. 2011).

> Generally, other circuits have recognized that confidentiality agreements and non-disclosures are sufficient to constitute "reasonable measures" within the meaning of the DTSA. *See, e.g., Turret Labs USA, Inc. v. CargoSprint, LLC*, 2022 WL 701161, at *2 (2d Cir. Mar. 9, 2022) (explaining that the "reasonableness analysis will often focus ... on the importance of confidentiality and nondisclosure agreements to maintaining secrecy"); *Farmers Edge Inc. v. Farmobile, LLC*, 970 F.3d 1027, 1033 (8th Cir. 2020) (holding that under the DTSA, a company that, "without a confidentiality agreement and without other policies or practices for safeguarding secrets" did not take reasonable steps to safeguard its trade secrets); *InteliClear, LLC v. ETC Glob. Holdings, Inc*., 978 F.3d 653, 660 (9th Cir. 2020) (holding, under the DTSA, that "[c]onfidentiality provisions constitute reasonable steps to maintain secrecy"); *see also Mintz v. Marketing Cohorts, LLC*, 2019 WL 3337896, at *6 (E.D.N.Y. July 25, 2019) (dismissing a DTSA claim because plaintiff "did not require defendants to sign a non-disclosure agreement nor any sort of covenant" to protect the confidential information).

*Mavel, A.S. v. Rye Dev., LLC*, No. CV 21-11759, 2022 WL 4084289, at *6 (D. Mass. Sept. 6, 2022).

The Employment Agreement executed by Defendant Brown and Plaintiff included a confidentiality provision. Although Plaintiff makes no allegations about password protection or monitoring computer systems to ensure employees with access could not improperly download proprietary information, the Court finds that at the motion to dismiss stage Plaintiff has sufficiently alleged "reasonable measures."

Finally, the Court, agrees with Defendants' argument that Plaintiff failed to sufficiently allege that the information designated as trade secrets "derived independent economic value" from remaining confidential.[2] 18 U.S.C. § 1839(3). The Complaint alleges:

> Due to the competitive nature of UIP's business, it undertakes all reasonable efforts to shield its trade secrets and other confidential and proprietary business information from its competitors including, in relevant part, its customer and prospective customer lists and policy needs and other information related to customers. This confidential and proprietary information is considered to be trade secret information by UIP and has independent economic value because it is not generally known or readily ascertainable to the public or competitors.

Doc.No. 1, ¶ 10. Plaintiff further alleges that the "customer lists, account information, and pricing of policies" . . . "[were] gathered, created and developed at a great expense by Plaintiff. . . and gives Plaintiff a competitive advantage over those who do not know the information." (Doc. No. 1, ¶¶ 28-29).

With regard to the requirement that trade material have independent value, the allegations set forth above merely recite the statutory definition of trade secrets. Plaintiff

---

[2] The alleged invalidity of the non-solicitation clause is not dispositive given that Plaintiff also had a confidentiality provision in the Employee Agreement.

does not, for example, allege facts to support its contention that the secrecy of the information provided it with a competitive advantage. *See Hot Stuff Foods, LLC v. Dornbach*, 726 F. Supp. 2d 1038, 1044 (D. Minn. 2010); *Pittsburgh Logistics Systems, Inc. v. LaserShip, Inc.*, No. 2:18-cv-1832, 2019 WL 2443035 (W.D. Pa. June 12, 2019)(concluding DTSA claim alleging that information "is not generally known to, and not readily ascertainable by proper means by, other people who can obtain economic value from its disclosure or use, and is the subject of efforts that are reasonable under the circumstances to maintain its secrecy" was not sufficiently pled). Here Plaintiff's factual allegations are too conclusory to avoid dismissal of the DTSA claim and accordingly, the motion to dismiss is granted.

Because Plaintiff has failed to sufficiently allege the existence of a trade secret, as defined by the statute, Defendants' Motion to Dismiss is hereby granted with regard to Plaintiff's DTSA claim. Furthermore, because the OUTSA largely mimics the DTSA as to the definition of trade secret, Defendants' motion is granted as to Plaintiff's state law trade secrets claim as well. Additionally, because Plaintiff cites federal question jurisdiction and pleads a single federal claim, the Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims. *See* 28 U.S.C. § 1367(c).

Although the Court concludes that Plaintiff has failed to state a federal claim, the Court will withhold entry of judgment in Defendants' favor for twenty-one days to permit Plaintiff to properly seek leave to amend. Should Plaintiff fail to file such a motion, the Court will dismiss the action in accordance with this Order.

**IT IS SO ORDERED** this 2nd day of February 2023.

*[Signature: David L. Russell]*

DAVID L. RUSSELL
UNITED STATES DISTRICT JUDGE